CITED *in Insurance Co.* v. *Woodruff,* 2 *Dutch.* 561; *Dock* v. *Elizabeth Town Steam Mfg. Co.,* 5 *Vr.* 318; *Bash* v. *Humboldt Ins. Co.,* 6 *Vr.* 432; *Jones* v. *Mechanics' Fire Ins. Co.,* 7 *Vr.* 36.

---

## ISAAC K. DODGE v. THE STATE.

1. It is not necessary in an indictment for perjury to allege in what particular form the defendant was sworn, whether upon the evangelists or otherwise; it is sufficient if it is alleged that he was duly sworn.

2. The allegations of the testimony upon which the perjury is alleged, must be positive, and not in the alternative; but the question to which

the alleged perjury is the answer, may be in the alternative, and if it was so, it ought to be alleged according to the truth.

3. Statements made by a defendant at other times, either verbal or in writing, when sworn or not under oath, may be given in evidence on the trial of an indictment for perjury, to show the falsity of the testimony in which the perjury is charged, and are sufficient to convict when supported by one other witness to the falsity.

4. On a trial for perjury, it is competent and relevant to show that in the same testimony in which perjury is assigned, a part not material to the cause in which the testimony was given, was also false, to show intention and to rebut the idea of error or mistake.

5. Where perjury is assigned in several different forms, it is not error in the court to refuse to charge that there is but one assignment of perjury.

6. When perjury is assigned in evidence upon the trial of an indictment before the Court of Oyer and Terminer, it will be presumed that the court had authority to administer the oath, and even if the trial was held before a special term, it is not necessary that the evidence set forth in the bill of exceptions should show that the special term was rightly called; this will be presumed to have been proven, unless an exception be taken specifically to the insufficiency of such proof. Such parts of the evidence only should be put in a bill of exceptions, as is necessary for the matter excepted to.

7. The whole of the testimony in which perjury is assigned, so far as given in evidence on the trial for perjury, must be considered together by the jury; but it is not necessary that the whole of such testimony should be given in evidence.

8. It is not necessary, except in a capital case, that the court before passing sentence, should demand of the defendant if he has any reasons why judgment should not be passed against him.

9. Whether it is necessary in pronouncing sentence upon a prisoner convicted of perjury, to add to the sentence the judgment of disability, to give effect to that part of the penalty. *Quere.* But it is no cause of complaint by the prisoner or ground of reversal, that such part of the sentence was omitted?

10. It is no error in pronouncing judgment upon a prisoner convicted of perjury, to add that he is sentenced to *solitary confinement* in the State Prison, or to stand committed until the costs are paid; they are not necessary parts of the sentence, but they are the legal consequences of the judgment, and no error. The part relating to solitary confinement is unusual, but the order to stand committed until the fine and costs are paid, is in strict conformity with sound principles and established usage.

This was an indictment for perjury in the Somerset Oyer, on which the defendant was convicted. It was removed into this court by writ of error, and was argued upon the errors assigned before the CHIEF JUSTICE and Justices

ELMER and POTTS, by Mr. *Ransom*, for the plaintiff in error, and Mr. *William Thompson*, prosecutor of Somerset, for the State.

The exceptions insisted on will appear in the opinion of the court, as delivered by the CHIEF JUSTICE.

Mr. *Ransom*, for plaintiff in error.

I. The indictment is defective.

1. It does not show that a legal oath was administered. The indictment simply states that he was called as a witness, and duly sworn as such witness. It must be alleged that the defendant was sworn to depose the truth. 2 *Russell on Cr.* 603; 1 *Hawk. P. C. c.* 69, § 5; *Bac. Abr. tit. Perjury*, (A).

2. It is defective in that the statement of the material question upon which Dodge is said to have sworn false, is in the alternative, and is uncertain, inconsistent and dubious. It is as follows, viz. : "And the said Isaac K. Dodge being so sworn, as aforesaid, it then and there, upon the trial of the said issue became and was a material inquiry whether the said Isaac K. Dodge had at any time exposed to the weather out of doors, a certain horse, &c., or whether he had ever turned out the said horse, or exposed him to bad weather, or suffered him to run at large in a certain field or lot or enclosure, in the possession of him, the said Isaac K. Dodge, or whether the said horse was ever turned out while in his possession, or whether the said horse had been exposed to the weather out of doors, in the months of March or April, in the year 1851, or at any other time, or whether he had been exposed to the storms and weather by day or by night, in the months of February or March, in the year last aforesaid."

The materiality of the matter sworn to and alleged to be false, must be averred, unless its materiality otherwise appear upon the face of the indictment. *Arch. Cr. Pl. & Ev.* 570; *Rex* v. *McKeron*, 5 *T. R.* 316; *R.* v. *Nichol*, 1 *B. & Ald.* 21.

The materiality of the false statement is a necessary averment in this indictment.

All the ingredients of the offence with which the defendant is charged, the facts, circumstances and the intent constituting it, must be set forth with certainty and precision, without any repugnance or inconsistency, and the defendant must be charged directly and positively with having committed it. *Arch. Cr. Pl. & Ev.* 28; *Comberback*, 461; *Cro. Eliz.* 428; *R.* v. *Gripe, Comyn's Rep.* 43; 2 *Ld. Raym.* 889; 5 *D. & E.* 318; *Rex* v. *Dunster, Russ. & M.* 109; *Arch. Pl. & Ev.* 41–43; *R.* v. *Taylor,* 1 *Camp.* 401; *R.* v. *Leefe,* 2 *Camp.* 134; 1 *Chit. Pleading,* (edition of 1844) 234, 236.

A statement in an indictment in the disjunctive is bad for uncertainty. *Arch. Cr. Pl. & Ev.* 43; 2 *Hawk. P. C.* c. 25, § 58; *R.* v. *Stocker,* 1 *Salk.* 342; *Reg.* v. *White, Ibid.* 371, charge that defendant forged or caused to be forged, held bad in this case. *R.* v. *Stoughton,* 2 *Strange,* 900; *Smith* v. *Hall,* 2 *Rolles R.* 263; *Reg.* v. *Jones,* 1 *C. & P.* 243; 2 *Hawk.* c. 25, § 60; *R.* v. *Crowhurst,* 2 *Lord Raym.* 1363; *R.* v. *Goddard,* 3 *Salk.* 171.

And this defect is not cured by verdict. *Arch. Cr. Pl. & Ev.* 52, 54; *Rex* v. *Muson,* 2 *T. R.* 581; *Reg.* v. *Burraston, K. B. Easter T.* 1840; 4 *Jurist,* 697; 2 *Russel on Cr.* 641.

II. The court on the trial of the indictment admitted illegal evidence.

1. They allowed the State to prove that the defendant had made statements about the matter when not under oath, different from what he had stated under oath. Such statements are not legal evidence to convict a man of perjury.

2. All evidence of the exposure of the horse at any other time than the month of March was immaterial to the issue, and should have been rejected.

The only material question in this case is, was the horse exposed to the weather in the month of March?

The defendant is charged with having, on an indictment against one Albert S. Fine, falsely sworn that Fine had com-

Dodge v. State.

mitted perjury, in falsely swearing that the horse had been exposed to the weather in the months of February and March. In the indictment against Dodge, it is not alleged in the assignment of perjury that the horse was turned out or exposed in February. Fine's statement did not refer to any time after the month of March, therefore the month of March was the only time material. 2 *Rus. on Cr.* 600; *Arch. Cr. Pl. & Ev.* 569; 3 *Jur.* 167; *Rex.* v. *Nichols,* 1 *B. & Ald.* 21; 2 *Rolles R.* 41, 42; *Hetley's R.* 97; 1 *Hawk. P. C.* 69, § 8.

III. The material question and the assignment of perjury in the indictment being stated continuously, makes it legally but one assignment of perjury, the whole of which should have been proved, and the court ought to have so charged the jury. 2 *Rus. on Cr.* 657; *Rex* v. *Leefe,* 2 *Camp.* 134; *Arch. Cr. Pl. & Ev.* 572; *Rex* v. *Jones, Peak* 37.

And it must be proved substantially, as set out; any variance in this respect, is fatal. *Rex* v. *Taylor,* 1 *Campb.* 404.

IV. Dodge was sworn before what is alleged in the indictment to be a special term of the Somerset Oyer and Terminer, and it did not appear that the said special term had been legally called and advertised according to law. (*Pam. Laws of* 1853, *p.* 285); 2 *Stark. Ev.* 854 (*tit. Perjury*); *R.* v. *Runshon,* 3 *Camp.* 96; 2 *Rus. on Cr.* 630; *Rex* v. *Bellamy, Ryan & Moody, N. P. R.* 171, *found in* 21 *Eng. C. L. Rep.* 406; *State* v. *Ludlow,* 2 *South. R.* 772.

V. The court erred in refusing to charge the jury, as requested, that the whole testimony of defendant ought to have been taken together, and considered by the jury, in determining the guilt or innocence of the defendant. 2 *Rus. on Cr.* 658; *Rex* v. *Jones, Peak N. P. c.* 37; *do.* 170, *Rex* v. *Dowlin.*

VI. The judgment is in several respects defective in substance as well as in form.

1. Judgment ought not to have been without a demand. 4 *Mod.* 407; 4 *Com. Dig.* 407; 3 *Mod.* 265, *Butsom's case.*

2. It is not the judgment prescribed by the statute; the statute prescribes it in exact terms. *Rev. Stat.* 262, § 23.

There is no judgment of incapacity. Under the statute of 5 *Eliz. c. 9*, the incapacity was always entered in the record as a part of the sentence.

In all the old cases, the incapacity was always held to be not a consequence, but a part of the judgment of the court. *Co. Ent.* 368, 369; *Rastall's Ent.* 86; 4 *Chit.* 369; 2 *Salk. R.* 514, 689, 690, 691, 461; 6 *Mod.* 168, *Com. R.* 43, *note to R. v. Gripe; R. v. Price*, 6 *East* 327; *R. v. Walcot*, 2 *Salk.* 632; *Beecher's Case*, 8 *Coke R.* 115; 4 *Mod.* 162.

3. By this judgment the defendant is sentenced· to two years imprisonment in the State Prison, *in solitary confinement.*

There is no warrant for this judgment in the statute. The statute does not contemplate solitary confinement. *Rev. Stat.* 263, § 23.

This punishment therefore exceeds that prescribed by the statute.

Neither can it be warranted by anything in the act prescribing the discipline of the State Prison. The act grants to convicts many privileges utterly inconsistent with the idea of solitary confinement. *Rev. Stat.* 308, 311, 312·

VII. The defendant is sentenced not only to solitary confinement at hard labor for two years, but for an uncertain, indefinite time longer, viz.: "*from thence to stand committed until the costs of prosecution are paid.*"

1. This sentence is uncertain as to time and place.

2. The statute authorizes no such sentence. · All costs are given by statute.

In felonies there is no provision for costs, as a part of the punishment.

The only provision for costs in such cases is the Prison Act, and this does not provide for retaining a prisoner beyond the expiration of his sentence. *Rev. Stat.* 303, § 3; *do.* 311; *do.* 306.

THE CHIEF JUSTICE. The plaintiff in error having been convicted, and sentenced for the crime of perjury, seeks to reverse the judgment, on account of various errors in the record. They will be considered in the order in which they were presented to the court.

1. It is not necessary to allege in the indictment, in what particular form the defendant was sworn to testify—whether upon the evangelists or otherwise. It is enough to state that he was *duly sworn.* It is clearly averred that he was sworn to testify the whole truth. The indictment conforms in this respect to approved precedents. 2 *Chitty's Crim. Law,* 161 ; 2 *Russell on Cr. (4th Ed.)* 540.

2. The authorities are clear, that the charges of the indictment must be positive, and not in the alternative or disjunctive. The rule, however, has no application to the statement of the question, the materiality of which forms the subject matter of complaint. That must be stated according to the truth, and very frequently is in the alternative. The question may be, whether the act was done by A and B, or by either of them—whether an injury was inflicted by a fall, or by a blow with a sword, or a knife, or a hatchet, held by A or by B, with design or by accident. In very many cases, the materiality of the question can only be truly averred by stating it in the alternative. In 2 *Chitty's Crim. Law, (Ed. of* 1818) 187, in an indictment for perjury, the material question upon which perjury is assigned, is stated to have been, " whether the said J. H., J. S., J. C. and T. L., *or* either of them had struck the said Mrs. J., *or* had dragged her by the hair of her head."

3. Proof that the defendant has made statements verbally or in writing, under oath, or not under oath, conflicting with the statement under oath upon which the indictment is founded, is competent evidence on an indictment for perjury, and such evidence, in connection with the testimony of one other witness, has been held sufficient to warrant a conviction. ` Rex v. Mayhew, 6 Car. & P. 315 ; Roscoe on Crim.

*Ev.* 686 ; *State* v. *Molier*, 1 *Dev.* 213 ; *Wharton's Cr. Law*, (2*d Ed.*) 307.

4. The material inquiry on the trial upon which the defendant gave his evidence, was whether a certain horse was exposed to the weather in the month of February or March, 1851. He testified that the horse was not exposed to the weather either in February, March or April. The truth is alleged to have been that he was exposed to the weather in March and April. To warrant a conviction, therefore, it was necessary to show that the defendant swore falsely in regard to the exposure of the horse in the month of March. But it was neither incompetent nor irrelevant to show that the horse was also exposed in the month of April. The defendant had sworn that he was not exposed to the weather in either of those months. It was competent, therefore, to show that the evidence was untrue, as applied to the whole period covered by his testimony, not to establish perjury in regard to any other time than the month of March, but to exclude the idea of error arising from mistake in point of time, and as tending to show that the evidence was not only false, but knowingly and corruptly false.

5. The court properly refused to charge that there was but one assignment of perjury contained in the indictment, and that all the statements charged to have been made by the defendant, must be proved, in order to warrant a conviction. The indictment contains a variety of statements, or, more strictly, one material averment in a variety of forms, and if either statement or form of statement was proved to have been false in a material point, it was sufficient to warrant a conviction. 2 *Bla. R.* 790 ; 2 *Ld. Ray.* 886 ; *Russell on Cr.* 549. The several statements alleged to be false, do not constitute one continuous or entire charge, as in *King* v. *Leefe*, 2 *Camp.* 134.

6. It was rightly held, that it must be presumed that the Court of Oyer and Terminer, before whom the defendant is alleged to have been sworn, had power and authority to administer the oath. It is material to observe that the ob-

Dodge v. State.

jection is not that there was no proof that the special term of the Oyer and Terminer had been appointed by competent authorities or constituted in a legal manner; or that the particular indictment on the trial of which the perjury is alleged to have been committed, was not properly included within the order for the special term. The court was not called upon to express any opinion upon that point. The presumption is, that that fact was either admitted upon the trial, or fully proved. It is true that the proof does not appear upon the bill of exceptions. But it is neither necessary nor proper to set forth all the evidence in a bill of exceptions. Had the objection been made in that form, the evidence, if in reality defective, might have been supplied. Assuming, as we must do here, that the special term of the Oyer and Terminer had been appointed by competent authority, and constituted in due form for the trial of the indictment, it is rightly presumed that they had power and authority to administer the usual oath to a witness on the trial of an indictment, of which by law they had jurisdiction. The Court of Oyer and Terminer, at a *special* term, are invested with all the power and authority for the trial of indictments then designated for trial, that they possess at a regular term. *Pamph. Laws* 1853, *chap.* 117.

7. That the jury are bound to take into consideration the whole evidence given by the prisoner at the time of the alleged perjury, in connection with all its qualifications, explanations, and modifications, so far as they appear in evidence before the jury, is too clear to admit of question. But the court were called upon to charge, "that *all* the evidence given by the prisoner on the trial must be taken together; that what he said in one part of his examination could not be separated from explanations in another part, but that the truth or falsity of the evidence given by the prisoner is to be determined by taking the whole together." If the court had so charged, the prisoner must necessarily have been acquitted, although the perjury was distinctly proved, unless the witnesses had testified that they remembered the whole

of the prisoner's testimony in all its material and immaterial parts. The examination of the prisoner, as a witness, may have been very protracted; the evidence in regard to the point upon which the perjury was assigned, may have been very brief. The testimony of the witnesses upon that point may have been clear and distinct, yet it may not have included one-tenth of all that the prisoner testified, and it surely afforded no ground of acquittal that the witnesses did not recollect all that the prisoner testified while under examination, if the falsehood of his testimony in regard to the point upon which the perjury was assigned was clear and unequivocal. If anything material was omitted by the evidence on the part of the state, it was incumbent on the defendant to prove it. 3 *Greenl. Ev.* § 193; *Rex* v. *Rowley, Ryan and Moody,* 249.

8. It is not necessary except in a capital case, that the court should, before passing sentence, demand of the defendant why judgment should not be pronounced against him. *West* v. *State,* 2 *Zab.* 229.

9. Under the statute of 5 *Eliz. chap.* 9, and of 2d and 18th *Geo.* 2, the practice has been to make the disability of the defendant to give testimony, a part of the sentence. *Co. Ent.* 368–9; *Rex.* v. *Greepe, Salk.* 513; *Rex.* v. *Crosby, Ibid.* 689; *Rex* v. *Ford, Ibid.* 691. Whether the same construction should be adopted of our statute, whose phraseology is not materially dissimilar, does not appear to have been settled. The point was raised and elaborately argued by the defendant's counsel in *Berrien* v. *State,* 2 *Zab.* 24, but no opinion was expressed in regard to it, either by this court or the Court of Errors, the case being decided upon other grounds.

But admitting the clause of disability to constitute properly a part of the sentence, does its omission constitute any ground of reversal at the instance of the defendant? If the sentence, so far as it goes, is lawful, can the defendant complain that he was not punished as much as he ought to have been? Undoubtedly, if the judgment vary in the penalty actually inflicted, from that authorized by statute, it

Dodge v. State.

will afford ground of error, because the sentence is not authorized by the statute; but if two penalties are inflicted by the statute, and one is omitted in the sentence, there seems neither principle nor authority to warrant the reversal of the judgment.

In *Kane* v. *People*, 8 *Wend.* 203, the Chancellor, delivering an opinion in the Court of Errors, said, " Where a party is subject to two distinct and independent punishments for the same offence, if one of them is inflicted upon him by the sentence of the court, he cannot object that the court has not gone further, and inflicted the other penalty also.

In *The State* v. *Price*, 6 *Hals.* 218, this court held that it could on no principle be made a ground of reversal, at the instance of the defendant, that the court omitted to award costs against him. Accord. *McQuoid* v. *The People*, 3 *Gilman*, 76.

The 10th and 11th grounds of exception are, that by the judgment the defendant is sentenced to *solitary confinement* in the State Prison, and to stand committed until the *costs of prosecution are paid*, there being, it is said, no warrant for such sentence. The law prescribes that every convict sentenced to the State Prison shall be confined in one of the cells of the prison separate and alone. (*Rev. Stat.* 311, *art. VI.*) It further prescribes that he shall be safely kept in prison until the term of his confinement shall have expired, and *the fine and costs of prosecution be paid or remitted.* The sentence, therefore, is in both respects in conformity with the provision of the law. The penalties inflicted upon the prisoner are in no wise varied by the peculiar phraseology of the sentence. But it is said that the statute prescribes that every person convicted of perjury shall be punished by fine or by imprisonment at hard labor, or both, at the discretion of the court; that this is the peculiar punishment inflicted for the offence, and that the court can add nothing to the sentence. The objection rests upon the simple ground that the mode of enforcing obedience to the sentence, or the method of inflicting the punishment, can legally constitute no part of the judgment. It is, cer-

tainly in ordinary cases, not a necessary part of the judgment. The omission is not fatal to the validity of the judgment, nor, on the other hand, is its introduction into the sentence, a ground of error. On the contrary, in many cases it is essential. Thus, in a sentence of imprisonment for a longer term than six months, it is *necessary* to specify whether the imprisonment shall be in the State Prison or in the county jail. When the term of imprisonment is less than six months, though usual, it is not necessary to specify the place of imprisonment, because of necessity it must be in the county jail. At common law, the sentence never specified the place of imprisonment.

By our law, every person convicted of crime is liable to the payment of the costs of prosecution. It constitutes, in fact, a part of the punishment. In regard to the mode of enforcing payment, the costs are placed upon the same footing with the fine. The prisoner is to be continued in confinement till the fine and costs are paid ; directing that the prisoner shall stand committed till the fine, or till the fine and costs are paid, is not adding to the legal punishment, but simply a mode of enforcing obedience to the sentence of the law. The usual form of the common law judgment is, that the prisoner stand committed till the fine is paid. Case of *John Wilkes*, 19 *Howell's St. Trials*, 1124, 1136 ; *S. C.* 4 *Bur.* 2754 ; *Ld. George Gordon's case*, 22 *Howell's St. Trials*, 235 ; *King* v. *Waddington*, 1 *East* 166, 172.

But this, though usual, is not a necessary part of the sentence. If the money is paid, it may be omitted, and a precedent of that character, stating the fact that the fine was paid in open court, will be found in *Crown Circ. Comp.* 81.

So, if a prisoner is absent when sentence is pronounced, a fine may be imposed, but he cannot regularly be ordered to be committed to custody, for the sentence cannot be enforced. A *capias pro fine* must in such case be awarded. *Duke's case, Salk.* 400 ; *The Queen* v. *Templeman, Salk.* 55 ; *Com. Dig.* "*Indictment*" *N.* And such, it is apprehended, is the regular practice under our law. The *capias pro fine* is

abolished in civil cases only, not in criminal. *Rev. Stat.* 452, § 14, 18.

The statute, in certain cases, where the defendant has property, authorizes a proceeding by *scire facias,* to recover the fines and costs, but it does not interfere with the common law remedies. *Rev. Stat.* 454, § 5.

The order that the defendant stand committed till the fine and costs are paid, does not, as has been said, add anything to the punishment inflicted by law, or in any wise affect the rights of the defendant; and if it were otherwise, if in fact in addition to the legal imprisonment, the judgment had imposed a penalty not authorized by law, it does not follow that the whole judgment would be illegal. The part not authorized by law, would, it seems, be held *void,* and the prisoner discharged at the expiration of his legal sentence. *Rex* v. *Collier,* 1 *Wilson* 332.

The order that the prisoner shall be imprisoned in solitary confinement, is a departure from the established form of sentence, and unnecessary, but inasmuch as it does not vary the mode of punishment inflicted, it is merely superfluous, and does not invalidate the judgment. The order that the defendant stand committed till the fine and costs are paid, is in strict conformity to sound principle, and to established practice.

POTTS, J., concurred ; ELMER, J., dissented.

Judgment affirmed.